# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

**FJK III Properties, Inc.**
EIN: 65-0786266

Case No: **15-19496-PGH**
Chapter: **11**

_____Debtor_____/

## CREDITORS' PJC HOLDINGS, LLC AND PJC FUNDING, LLC'S MOTION FOR STAY RELIEF

Creditors, PJC Holdings, LLC and PJC Funding, LLC (collectively "PJC", the "Creditors"), by and through the undersigned attorney, hereby file their Motion for Stay Relief and in further support state:

### JURISDICTION

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28. U.S.C. § 157 (b)(2)(G). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The relief requested herein is based upon Section 362(d)(3) of Title 11 of the United States Code.

### PROCEDURAL BACKGROUND

2.      On **May 26, 2015**, on the eve of a foreclosure sale, the Debtors FJK Properties, Inc. and FJK III Properties, Inc., filed two (2) SINGLE-ASSET REAL ESTATE (SARE) bankruptcy cases (Case no. 15-19494-PGH, *In re: FJK Properties, Inc.*) and (Case No.15-19496-PGH, *In re: FJK III Properties, Inc.*), and relief was ordered by this Court.

3.    On May 28, 2015, the Debtors were served with notice delineating the deficiencies in their filings. On June 15, 2015, both bankruptcy cases were dismissed with prejudice for 180 days by this Court. (See 15-19494-PGH [DE 10] and 15-19496-PGH [DE 09]).

4.    On June 15, 2015, following the dismissal of the bankruptcy cases, the Creditor PJC Holdings, LLC filed a Motion to Substitute Party Plaintiff and to Reset Sale filed in the Pending Foreclosure Action. (See Ex. D.)

5.    On June 25, 2015, at 8:45 a.m., a hearing was held on the Creditor's Motion to Reset Sale; Debtors' counsel was present, and the state court granted the Motion to Substitute Party Plaintiff and to Reset Sale. A new sale date was set for August 10, 2015. (See Ex. E).

6.    Following the hearing, on June 25, 2015, the Debtors filed motions in both bankruptcy cases seeking reconsideration of the order dismissing the bankruptcy cases or to shorten the prejudice period to file new bankruptcy cases.  (See 15-19494-PGH [DE 13] and 15-19496-PGH [DE 12]).

7.    The Creditors strongly opposed the motions for reconsideration and filed their Responses in Opposition to Debtor In Possession's Motion to Reconsider Order Dismissing Case and for Extension of Time to File Bankruptcy Schedules; or in the Alternative Motion to Shorten Prejudice Period and Incorporated Request for Judicial Notice (See 15-19494-PGH [DE 16] and 15-19496-PGH [DE 15].

8.    A hearing was held on July 14, 2015 and the Court granted the Debtors' motions to reconsider dismissing the cases [DE 22] Case no. 15-19494-PGH and [DE 21] Case no. 15-19496-PGH.

9.    The Creditors however also raised the issue, in their motion and at the hearing, that the Debtors' bankruptcy cases were both admittedly single asset real estate cases [DE 1; Pg.

1], and therefore asked the Court to measure the 90 day deadline provided by 11 USC 362(d)(3) from May 26, 2015 and not extend any deadlines. The Court granted the Debtors' motions to reconsider and vacated the dismissals instead of shortening the prejudice period to file new cases for that reason.

10.     Accordingly, on **August 24, 2015**, (i.e. at most 90 days from filing of the bankruptcy cases), the Debtors were required to file plans that were reasonably capable of being confirmed or to begin making monthly payments. 11 U.S.C. § 362(d)(3). Pursuant to 11 U.S.C. § 362(d)(3), failure to do so would entitle the Creditors to relief from stay.

11.     To date, the Debtors have failed to file any plans or begin making monthly payments. Thus, the Creditors are entitled to stay relief to pursue their *in rem* rights against the properties through a foreclosure sale. The Creditor, PJC Funding, LLC would further object to the use of rents being used to make monthly payments to any creditors as PJC Funding LLC is secured by the rents and is entitled to all rents.

12.     Furthermore, the 341 Meeting of the Creditors was held on August 14, 2015. During that meeting, Mr. Frederick Keitel, the Debtors' corporate representative and sole owner and member, testified that he has or likely intends to spend rents received in the DIP accounts and has or intends to pay himself a management fee. He admitted the rents are secured by PJC Funding, LLC and did not file any motions to use cash collateral. His testimony and the Debtors' schedules further reflect that Mr. Keitel has utilized significant amounts of rents pre-bankruptcy filing (March through May 2015) to pay himself and his personal expenses, including his personal credit cards, air fare, personal expenses at The Breakers in Palm Beach, lawyers in unrelated cases not associated with the Debtor companies, and his personal health insurance. He

also made numerous transfers between the Debtor companies. Meanwhile, Mr. Keitel did not pay insurance or real estate taxes on the properties totaling $204,000.

13.     Mr. Keitel further agreed he would not take any distributions from either Debtor companies if the Loan Agreement was in default. See Ex B-j ¶ 3.11; B-b ¶ 3 and B-e ¶ 3.

14.     During the 341 meeting, Mr. Keitel stated his intentions were to refinance the property or sell the property and that he intended to file a motion to utilize Linda A. Gary Real Estate, Inc.; however to date no motions have been filed and the Creditors would object to the use of a residential realtor to sell the properties.

## LOANS AND SECURITY INTERESTS

15.     On February 25, 2008, FJK Properties Inc., (FJK) executed and delivered an Amended, Restated and Renewal Promissory Note and Mortgage, Security Agreement and Fixture Filing, and an Assignment of Rents and Leases to General Electric Capital Corporation ("GECC"). The Mortgage encumbered the property located at 230 Royal Palm Way, Palm Beach, Florida. The original principal balance of the Note was $9,361,000.00. (See Ex. A, ¶¶ 9-11).

16.     On February 25, 2008, FJK III Properties, Inc., (FJK III) executed and delivered a Note and Mortgage, Security Agreement, and Fixture Filing, and an Assignment of Rents and Leases to GECC. The Mortgage encumbered the property located at 240 Royal Palm Way, Palm Beach, Florida. The original principal balance of the Note was $5,239,000.00. (See Ex. A, ¶¶ 12-14).

17.     The loans referenced above were cross-collateralized and further secured by a Guaranty executed by Frederick J. Keitel. (See Ex. A, ¶¶ 15-20).

18.     On April 25, 2011, following a default in payment, GECC commenced a foreclosure action against FJK, FJK III, and Keitel (the "FJK Parties") in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 50 2011 CA 00612XXXXMBVA (the "Original Foreclosure Action"). (See Ex. A, ¶ 24).

19.     On April 19, 2012, the Original Foreclosure Action was dismissed without prejudice as to all FJK Parties by virtue of a Settlement Stipulation. (See Ex. A, ¶¶ 25, 28).

20.     As a result of the Settlement Stipulation, FJK and FKJ III were thereafter indebted to GECC pursuant to the First Amendment to Loan Agreement dated April 17, 2012 in the aggregate amount of $11,155,000.00 (the "Amended Loan Agreement"), which comprised two loans: (1) a loan to FKJ in the amount of $7,152,089.04 and (2) a loan to FJK III in the amount of $4,002,910.96 (collectively the "New 4/17/12 Loan"). (See Ex. A, ¶¶ 29-40). Again, the loans were cross-collateralized.

21.     The Amended Loan Agreement required FJK and FJK III, among other things, to pay $3,000,000.00 to GECC to be applied to the amounts due under the New 4/17/12 Loan. (See Ex. A, ¶26).

22.     The FJK Parties approached PJC Funding, LLC for the $3,000,000.00 due under the New 4/17/12 Loan, and thereafter the FJK Parties executed and delivered, among other documents, the following pertinent loan documents (Composite Exhibit B):

> a.  Mortgage, Security Agreement and Filing Financing Statement by FJK Properties, Inc., as Mortgagor to PJC Funding, LLC, as Mortgagee, dated April 17, 2012 and recorded in Official Records Book 25148, Page 923, of the Public Records of Palm Beach County, Florida.

b.  Assignment of Rents between FJK Properties, Inc., as Assignor and PJC Funding, LLC, as Assignee, dated April 17, 2012 and recorded in Official Records Book 25148, Page 948, of the Public Records of Palm Beach County, Florida.

c.  UCC-1 Financing Statement between FJK Properties, Inc., as Debtor and PJC Funding, LLC, as Secured Party, recorded in Official Records Book 25148, Page 960, of the Public Records of Palm Beach County, Florida.

d.  Mortgage, Security Agreement and Filing Financing Statement by F.J.K., III Properties, Inc., as Mortgagor to PJC Funding, LLC, as Mortgagee, dated April 17, 2012 and recorded in Official Records Book 25148, Page 963, of the Public Records of Palm Beach County, Florida.

e.  Assignment of Rents between F.J.K., III Properties, Inc., as Assignor and PJC Funding, LLC, as Assignee, dated April 17, 2012 and recorded in Official Records Book 25148, Page 988, of the Public Records of Palm Beach County, Florida.

f.  UCC-1 Financing Statement between F.J.K., III Properties, Inc., as Debtor and PJC Funding, LLC, as Secured Party, recorded in Official Records Book 25148, Page 1000, of the Public Records of Palm Beach County, Florida.

g.  UCC-1 Financing Statement between F.J.K., III Properties, Inc., as Debtor and PJC Funding, LLC, as Secured Party, as filed April 23, 2012 in Florida Secured Transaction Registry under Filing 201206605004.

h.  UCC-1 Financing Statement between F.J.K. Properties, Inc., as Debtor and PJC Funding, LLC, as Secured Party, as filed April 23, 2012 in Florida Secured Transaction Registry under Filing 201206604997.

i.  Fixed Rate Promissory Note in amount of $3,200,000.00 dated April 18, 2012, executed by FJK PROPERTIES, INC., a Florida corporation, F.J.K., III PROPERTIES, INC., a Florida corporation and FREDERICK J. KEITEL, III, individually and payable to PJC FUNDING, LLC.

j.  Loan Agreement by and between PJC Funding, as Lender and FJK PROPERTIES, INC., a Florida corporation, F.J.K., III PROPERTIES, INC., a Florida corporation, and FREDERICK J. KEITEL, III, individually, as Borrower.

k.  Stock Pledge Agreement between Frederick J. Keitel, III and PJC Funding, LLC dated March 18, 2012.

l.  UCC-1 Financing Statement between Frederick .J. Keitel, III, as Debtor and PJC Funding, LLC, as Secured Party, as filed April 23, 2012 in Florida Secured Transaction Registry under Filing 201206605012.

23.     On September 2, 2014 GECC commenced another foreclosure proceeding to foreclose mortgages and for turnover of leases and rents and for damages against FJK Properties, Inc., FJK III Properties, Inc. (collectively, "Debtors") and PJC Funding, LLC in the Fifteenth Judicial Circuit, Palm Beach County, Florida, Case No. 50 2014 CA 010666 XXXXMBAH (the "Pending Foreclosure Action") as the result again of a payment default by the Debtors. (See Ex. A).

24.     On February 26, 2015, the Debtors FJK Properties, Inc. and FJK III Properties, Inc., and the Creditor PJC Funding, LLC entered into a **CONSENT** Final Judgment of Foreclosure with GECC, which set a **sale date** of **May 27, 2015**. (See Ex. A).

25.     On May 18, 2015, PJC Holdings, LLC, an affiliate of PJC Funding, purchased an assignment of GECC's Consent Final Judgment of Foreclosure for $10,929,910.06. (See Ex. C).

26.     As demonstrated by the Affidavit of Indebtedness and Indebtedness Worksheet attached hereto as Ex. F and Ex. G, respectively, as of the Petition. The Debtors collectively owe the Creditor, PJC Funding LLC, not less than $4,224,823.85, and owe the Creditor PJC Holdings LLC, not less than $10,938,444.37 pursuant to the Note, assignment of judgment and exhibits attached hereto.

27.     The Creditors do not have a current appraisal as of the date of this motion. However, the Palm Beach County Property Appraiser's 2015 assessed value of the 240 Royal Palm Way property is $4,091,381.00 and the Palm Beach County Property Appraiser's 2015 assessed value of the 230 Royal Palm Way property is $6,403,033.00. A print out of the Palm Beach County Appraiser's web site showing the assessed values of both properties are attached hereto as Exhibit H.

## MEMORANDUM OF LAW AND ARGUMENT

**I.     CREDITORS ARE ENTITLED TO STAY RELIEF PURSUANT TO 11 U.S.C. § 362(d)(3).**

28.     11 U.S.C. § 362(d)(3) states:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the

court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—

    (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or

    (B) the debtor has commenced monthly payments that—

(i) may, in the debtor's sole discretion, notwithstanding section 363(c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and

(ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate;...

29.    These cases are admittedly SARE cases [DE 1; Pg. 1].

30.    Relief was ordered by this Court on May 26, 2015.

31.    The Debtors were required to comply with the requirements of 11 U.S.C. 362(d)(3) on or before **August 24, 2015.** To date, the Debtors have failed to do so.

32.    As such, the Creditors are entitled to relief from the automatic stay. Further, in light of the notice provided to the Debtors that vacating the dismissal would not extend the deadlines under 362(d)(3), termination of the stay is proper in this case and any future bankruptcy proceedings filed by the Debtors, their owners, officers, members or agents, to allow pursuit of an in rem foreclosure sale of the properties described herein.

33.    Alternatively, should the Court not terminate the stay, in its entirety, the Creditors would request that the stay be modified or conditioned as follows:

    a.    Require that Mr. Keitel apply for refinancing to pay the Creditors in full within 7 days of this Order, and within 35 days of application for refinancing close on the refinance;

    b.    Require that all rents received, excluding rents necessary to pay the utilities and reasonable and necessary maintenance and repairs, be paid to the Creditor, PJC Funding LLC, c/o Haile Shaw & Pfaffenberger, P.A., 660 U.S.

Highway One, Third Floor, North Palm Beach, Florida 33408 on or before the

5th of every month with an accounting of the rents received and expenditures

paid;

c.  Require that Mr. Keitel not be allowed to receive any distributions or

managements fees from the rents received by the Debtors;

d.  Require that the properties be listed for sale with a <u>commercial</u> real estate

broker of the Creditors choosing preferably Cushman & Wakefield, CBRE, or

HFF within 10 days of this Order and allow Creditors to communicate with

the broker regarding all information concerning the listing, including but not

limited to all showings and offers;

e.  Require that a sale of the properties occur within 60 days after the listing of

the properties with a commercial broker as set forth in paragraph 32d.

f.  Require that Mr. Keitel provide proof in writing that he has complied with

each of the foregoing requirements within 24 hours of compliance to the

Creditors' counsel listed below.

g.  If any of the foregoing requirements are not met, the Creditor shall be entitled

to file an expedited motion for stay relief and shall be entitled to an order

granting immediate termination of the automatic stay in this case and any

future bankruptcy cases that may be filed by the Debtors or its owners,

officers, members or agents, to pursue the foreclosure sale of properties, 230

Royal Palm Way, Palm Beach, FL and 240 Royal Palm Way, Palm Beach, FL

(collectively referred to as the "Royal Palm Way properties").

WHEREFORE, the Creditors, PJC Holdings, LLC and PJC Funding, LLC, by and through the undersigned attorney, respectfully requests that the Court the Creditors relief from the automatic stay pursuant to 11 U.S.C. §362 (d)(3) in this case and any future bankruptcy cases that may be filed by the Debtors or its owners, officers, members or agents, to continue the Foreclosure Sale of the Royal Palm Way properties and exercise all its rights and remedies under the Exhibits attached hereto and applicable state law, or alternatively to modify or condition the stay as set forth in paragraphs 32 a.- g., *supra*, and order such other relief as the Court deems just and proper.

Respectfully submitted this 4th day September, 2015

By:    /s/ Leslie C. Adams
             Leslie C. Adams
             HAILE, SHAW & PFAFFENBERGER, P.A.
             *Attorneys for Creditors*
             660 U. S. Highway One, Third Floor
             North Palm Beach, FL 33408
             Tel: (561) 627-8100
             Fax: (561) 622-7603
             Leslie C. Adams
             ladams@haileshaw.com
             FL Bar No. 686476

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on the parties listed below, on this 4th day of September, 2015 and in the manner stated.

## SERVED VIA U.S. MAIL:

The Debtor, all creditors, appearances and all parties on the Official Court Matrix, except those receiving ECF Notice, a copy of which is attached hereto.

**SERVED VIA ECF NOTICE:**

Leslie C Adams on behalf of Creditor PJC Funding, LLC
leslieburgk@gmail.com, susieadams2010@gmail.com;hspbkfilings@gmail.com

Leslie C Adams on behalf of Creditor PJC Holdings, LLC
leslieburgk@gmail.com, susieadams2010@gmail.com;hspbkfilings@gmail.com

Robert C Furr, Esq on behalf of Debtor FJK III Properties Inc
bnasralla@furrcohen.com, atty_furrcohen@bluestylus.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov


**SERVED VIA MANUAL NOTICE:**

Frederick J. Keitel on behalf of Debtor FJK III Properties Inc
240 Royal Palm Way
Palm Beach, FL 33480

HAILE, SHAW & PFAFFENBERGER, P.A.
660 U. S. Highway One, Third Floor
North Palm Beach, FL 33408
Tel: (561) 627-8100
Fax: (561) 622-7603


By:   /s/ Leslie C. Adams
      Leslie C. Adams, Esq.
      ladams@haileshaw.com
      FL Bar No. 686476

```
Label Matrix for local noticing          FJK III Properties Inc              PJC Funding, LLC
113C-9                                    POB 3243                            Haile Shaw & Pfaffenberger, PA
Case 15-19496-PGH                         Palm Beach, FL 33480-1443           c/o Leslie C. Adams
Southern District of Florida                                                  660  US Highway One
West Palm Beach                                                               Third Floor
Wed Sep  2 12:51:01 EDT 2015                                                  North Palm Beach, FL 33408-4629


PJC Holdings, LLC                         Blue Cross - Blue Shield            Department of Revenue
Haile Shaw & Pfaffenberger, PA            PO Box 660299                       Bankruptcy Section
c/o Leslie C. Adams                       Dallas TX 75266-0299                PO Box 6668
660  US Highway One                                                          Tallahassee, FL  32314-6668
Third Floor
North Palm Beach, FL 33408-4629


General Electric Capital Corp             Holyfield & Thomas                  Internal Revenue Service
c/o Avi Benayoun Esq                      125 Butler St                       PO Box 7346
401 E Las Olas Blvd #2000                 West Palm Beach FL 33407-6105       Philadelphia PA  19101-7346
Ft Lauderdale FL 33301-4223



McDonald Hopkins LLC                      Office of the US Trustee            PJC Funding LLC
505 S Flagler Dr                          51 S.W. 1st Ave.                    500 S Australian Ave #110
West Palm Beach FL 33401-5923             Suite 1204                          West Palm Beach FL 33401-6235
                                          Miami, FL 33130-1614



Palm Beach County Tax Collector           State of Florida - Department of Revenue   Thyssen Krupp
PO Box 3715                               Post Office Box 6668                PO Box 933004
West Palm Beach, FL  33402-3715           Tallahassee, FL 32314-6668          Atlanta, GA 31193-3004



Frederick J. Keitel                       Robert C Furr Esq
240 Royal Palm Way                        2255 Glades Rd #337W
Palm Beach, FL 33480-4304                 Boca Raton, FL 33431-7379




                   The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)West Palm Beach                        (u)City of West Palm Beach          (u)Florida Power & Light
                                          ***DELETED PER #16***               ***DELETED PER #16***




End of Label Matrix
Mailable recipients    16
Bypassed recipients     3
Total                  19
```